RAMIREZ, J.
This was a petition for writ of prohibition which we denied on August 29, 2001. After reviewing the petition, we found it so frivolous that we ordered Bennett Brum-mer, Public Defender, and Valerie Jonas, Assistant Public Defender, to show cause why sanctions should not be imposed under Rule 9.410, Florida Rules of Appellate Procedure. After reviewing the response, we still are of the opinion that the petition had no merit, but we cannot find that the conduct of Austin Evans’ counsel warrants any sanctions.
The petition sought review of the denial of a motion to disqualify the trial judge based on two incidents. The first involved giving a slice of pizza to the prosecution witness during a recess. It was alleged that between the direct and cross-examination of the victim, the court recessed the proceedings. The victim complained she was hungry and the court gave her a slice of pizza. Defense counsel complained because the trial judge did not offer pizza to the defense witnesses nor did he speak to them. Evans was subsequently found guilty of aggravated assault with a firearm.
Five days later, Evans was brought back before the court on the severed count of possession of a firearm by a convicted felon. After the plea offer was explained to Evans twice, he claimed to be confused. The judge asked him what he was confused about. Evans answered: “I need — I need — I need time. You know what I’m saying.” The court then stated: “We’re going to sort out your confusion real quick. We’re going to get a jury down here and they’re going to tell you whether they think you’re guilty or innocent and then you’re going to have your confusion sorted out for you one way or the other.”
The trial court was correct in denying the motion to disqualify. There is no prohibition against a judge being courteous to a witness, especially after the witness complained that she was hungry. The exchange between the judge and the witness did not take place in front of the jury. They did not discuss the case or her *277 testimony. In Rose v. State, 601 So.2d 1181, 1183 (Fla.1992), the Florida Supreme Court held that “a judge should not engage in any conversation about a pending case with only one of the parties participating in that conversation. Obviously, we understand that this would not include strictly administrative matters not dealing-in any way with the merits of the case.” See also Arbelaez v. State, 775 So.2d 909, 916 (Fla.2000). Giving a slice of pizza to a hungry witness is even more frivolous a claim than discussing an administrative matter.
We also find no basis for disqualification in the judge’s response to Evans’ claim of confusion. Evans’ conduct obviously indicated that he was stalling for time, not that he was confused. To reply that he was going to get a jury to decide Evans’ guilt or innocence does not demonstrate the trial judge’s “evident exasperation” as Evans alleges. The trial judge’s response was a normal one directed at a criminal defendant who did not want to enter into a plea agreement.
Defense counsel argues that then-conduct was not sanctionable as the petition was not “frivolous” within the case law as set forth in Visoly v. Security Pac. Credit Corp., 768 So.2d 482 (Fla. 3d DCA 2000). We agree that the appeal was not frivolous under those strict standards. Not every meritless appeal is sanctionable. We thus decline to sanction counsel for filing the petition in this case.